Case 05-31014   Filed 10/28/05   Doc 21



FILED
OCT 2 8 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

TJ

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-31014-C-7 |
| STEVEN M. DROPPA, | DC No.   JMM-1 |
| Debtor. | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**ON MOTION TO VACATE STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtor filed this voluntary chapter 7 petition on September 6, 2005.

On September 23, 2005, Stone Family Enterprises, LLC



("movant") filed a motion, notice, and declaration requesting that this court lift the automatic stay in order to proceed with an unlawful detainer action. The hearing on the motion was set for October 25, 2005. No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument was necessary.

The motion and declaration establish that movant owns and debtor is in possession of real property commonly known as 4317 Sandhurst way, Rocklin, CA 95677. Although debtor and his spouse are still in possession of the property, there is no rental or lease agreement which allows debtor to remain in possession of the property.

Movant has filed several unlawful detainer actions in an attempt to evict debtor and his spouse. Said actions have been halted by various bankruptcy filings.

## Conclusions of Law

The automatic stay of acts against the debtor <u>in personam</u> and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). However, the automatic stay may be terminated earlier if debtor fails to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective

reorganization.  § 362(d)(2).

Because the debtor rents the property and does not own the property, the property is not property of the estate, and hence the debtor has no equity in the property.  Therefore the motion will be granted and the movant may proceed with the eviction.

An appropriate order will issue.

Dated: October 27, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Steven Droppa
4317 Sandhurst Way
Rocklin, CA 95677

Frederick Lucksinger
P.O. Box 2460
Rocklin, CA 95677

Stone Family Enterprises, LLC
c/o Michael McGuire
2240 Douglas Boulevard, Suite 150
Roseville, CA 95661-3805

Office of the United States Trustee
United States Courthouse
501 I Street, Suite 7-500
Sacramento, CA 95814

Dated: 11/2/05

_____
Deputy Clerk